PEOPLE v. FRANK DAVIS

Arson—Preparation to Burn.
    A plea of guilty of the crime of preparation to burn was
    supported by the defendant's testimony at arraignment that
    he intended to wilfully burn a structure and to that end
    aided others in the manufacture of incendiary devices known
    as Molotov cocktails (MCLA § 750.77).

Appeal from Van Buren, David Anderson, Jr., J. Submitted Division 3 April 7, 1970, at Grand Rapids. (Docket No. 7,547.)   Decided June 2, 1970.

Frank Davis was convicted, on his plea of guilty, of preparation to burn. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *William C. Buhl,* Prosecuting Attorney, for the people.

*Adams, Adams & Sundstrand,* for defendant on appeal.

Before: Holbrook, P. J., and Bronson and E. W. Brown,* JJ.

Per Curiam.   Defendant pled guilty to the crime of preparation to burn.  MCLA § 750.77 (Stat Ann

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Reference for Points in Headnote
5 Am Jur 2d, Arson § 15.

1962 Rev § 28.272). On appeal defendant raises one
issue: whether the facts elicited from defendant at
the arraignment support a finding of guilty of the
offense charged.

The criminal statute under which defendant was
convicted reads, in material part:

"Any person who shall in any manner use, ar-
range, place, devise or distribute any inflammable,
combustible or explosive material, liquid or sub-
stance, or any device in or about any building or
property  *  *  *· with intent to wilfully and mali-
ciously set fire to or burn the same, or who aids,
counsels, induces, persuades or procures another to
do such act or acts, shall,  *  *  *  [i]f such prop-
erty be  *  *  *  real property of any value,  *  *  *
be guilty of a felony."

The testimony given by defendant disclosed that
he intended to wilfully burn a structure and to that
end aided others in the manufacture of incendiaries
known as Molotov cocktails, with full knowledge
that the other members of the group intended to
set fire to that structure. Defendant bases his ap-
peal on the fact that, when the other members of
the group left defendant, instead of burning down
a pool hall, they set fire to other structures not
intended by defendant.

Defendant has the burden of showing a miscar-
riage of justice. See *People* v. *Stearns* (1968), 380
Mich 704, and *People* v. *Winegar* (1968), 380 Mich
719. He has not made that requisite showing. To
the contrary, the record indicates that Molotov cock-
tails were utilized and thrown in an attempt to burn
down several structures.

We find that the court did not err in accepting
defendant's plea of guilty or in convicting or pass-
ing sentence.

Affirmed.